# 𝔘nited 𝔖tates 𝔇istrict 𝔠ourt
## for the 𝔑orthern 𝔇istrict of 𝔒klahoma

---

Case No. 26-cr-117-JDR

---

UNITED STATES OF AMERICA,

*Plaintiff,*

*versus*

AARON CHASE SANDERS,

*Defendant.*

---

## OPINION AND ORDER

---

Aaron Chase Sanders has been charged with possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). Dkt. 12 at 2; Dkt. 27.[1] The Government moved for Mr. Sanders to be detained, which Magistrate Judge Steele granted after a hearing. Dkts. 4, 9, 10. Mr. Sanders now moves to revoke the detention order and argues that he "does not pose a danger to the community, much less the sort of extreme danger that can only be managed via pretrial incarceration." Dkt. 21 at 7. But on review of the record and Judge Steele's decision, the Government has shown by clear and convincing evidence that Mr. Sanders does pose a danger to the community and pretrial detention is warranted. The Court denies Mr. Sanders' motion to revoke the detention order.

### I

Under 18 U.S.C. § 3145(b), a defendant who has been ordered detained by a magistrate judge may seek revocation or amendment of the order.

---

[1] All citations use CM/ECF pagination.

No. 26-cr-117

The district court should review the detention order de novo and consider "all evidence . . . offered to that point." *United States v. Cisneros*, 328 F.3d 610, 616, 616 n.1 (10th Cir. 2003). "A defendant may be detained pending trial only if a judicial officer finds 'that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *Id.* A court may only grant pretrial detention if the Government presents "clear and convincing evidence" that there are no alternative "condition[s] or combination of conditions" that will reasonably assure the safety of the community. 18 U.S.C. §§ 3142(e)(1). There are four issues for the court to consider reviewing whether a defendant should be subject to pretrial detention:

> (1) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence;"
>
> (2) "the weight of the evidence" against the defendant;
>
> (3) the "history and characteristics" of the defendant, including "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history," and the defendant's previous attendance at court proceedings; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Cisneros*, 328 F.3d at 617. Although there must be a hearing before an initial detention order, *see id.* at 616, a district court need not hold a hearing on a motion for revocation of a detention order. *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019).

## II

Mr. Sanders argues that he "does not pose an ongoing danger to the community" because he has no criminal history, "has strong community,

family, and employment ties," and is a disabled veteran. Dkt. 21 at 7-8. He also argues that the weight of the evidence favors him:

> "evidence was introduced during the preliminary examination and the detention hearing, that the [G]overnment admitted was true, that Mr. Sanders repeatedly and to multiple entities reported child pornography and took repeated steps to fight the proliferation of child pornography, not to possess it."

*Id.* at 8. The evidence Mr. Sanders refers to is a set of ten exhibits attached to his motion, which are emails between Mr. Sanders and the administrators of the messaging platform Telegram where he reports the sale and exchange of child pornography for removal by the platform. Dkts. 21-1, 21-2, 21-3, 21-4, 21-5, 21-6, 21-7, 21-8, 21-9, 21-10.

The Government argues that the nature and circumstances of the offense charged—namely that Mr. Sanders possessed "videos and pictures of young children being sexually exploited and abused, including an image of his daughter and another child known to him"—favor detention. Dkt. 29 at 6-7. The Government argues that the weight of the evidence favors detention, because the evidence "consists of photos and videos from a Telegram group, of which Sanders is a member, that actively promotes child pornography" and "the images Sanders created using children known to him were also found on his device." *Id.* at 7.

Further, the Government argues that despite his lack of criminal history, Mr. Sanders' characteristics and prior actions favor detention. The Government points to his alleged invitation to "women to come have sex with his daughter" and his creation of a sexually explicit "morphed image" of his daughter support detention. *Id.*; Dkt. 29-2 at 5-6, 11.

Last, the Government argues that Mr. Sanders poses a threat to the community due to his "repeated interest in child pornography" his

3

No. 26-cr-117

discussion of "the sexual exploitation of his daughter with others," and his invitation of "a stranger to his home to come sexually abuse his daughter." *Id.* at 8.

### III

On review of all evidence presented, the Court holds that each of the four pretrial release factors favor denial of the motion to revoke the detention order. First, the serious nature of Mr. Sanders' alleged possession of child pornography cuts in favor of his continued detention, particularly because he is alleged to have possessed pornography of his own daughter and another child known to him. Dkt. 29 at 6-7; Dkt. 29-2 at 11-12.

Second, Mr. Sanders' proffered countervailing evidence—that he was reporting instances of child pornography on Telegram to the platform's administrators—is insufficient to rebut the Government's evidence that he had at least one pornographic image of his own daughter and a similar image of another child known to him on his device. Dkt. 29-2 at 11-12. In particular, the Court notes that the image of his daughter was created in September 2025, well after the emails to which he cites.[2] *Id.* at 13-14. The Court concludes that the weight of evidence against Mr. Sanders is strong.

Third, Mr. Sanders' prior actions favor detention. At the detention hearing, Dustin Carder, a Special Agent with Homeland Security Investigations, testified that Mr. Sanders "mentioned his 3-year-old daughter" to an unidentified woman and "want[ed] to involve [the woman] in sex acts" with his daughter, and that he told the woman he had exposed his daughter to pornography and had her touch him sexually. Dkt. 29-2 at 6. Mr. Carder testified that Mr. Sanders sent another woman "a photo of a male" whose "genitals

---

[2] At the original detention hearing, Mr. Sanders argued that these images were possibly made in an attempt to infiltrate online groups exchanging child pornography. Dkt. 29-2 at 19. Although Mr. Sanders does not raise the same argument in his motion, *see* Dkt. 21, the Court notes that the alleged infiltration of the groups in 2024 could not have been done using an image created in 2025.

4

No. 26-cr-117

[we]re exposed . . . next to . . . a small child." *Id.* at 10-11. When this second woman told him to cover himself up, Mr. Sanders allegedly replied "It doesn't matter. She's seen it before." *Id.* at 11. Although Mr. Sanders may be a disabled veteran with no criminal history and has "strong community, family, and employment ties," the Court cannot overlook the nature of this conduct and what it demonstrates about Mr. Sanders' character and the risk he presents to the community. Dkt. 21 at 7-8.

Turning to the fourth prong, Mr. Sanders' past actions pose a clear threat to minors in the community. Although Mr. Sanders has only been charged with possession of child pornography, the testimony at the detention hearing included allegations that he exposed himself to a child and told a woman that he had exposed pornography to his daughter and had his daughter touch him sexually. Dkt. 29-2 at 10-11. The evidence sufficiently demonstrates that Mr. Sanders poses a security risk to minors in the community, and detention is necessary to prevent his further contact with minor children.

At the hearing, Mr. Sanders argued that a set of appropriate conditions—such as "no electronics" and "an ankle monitor"—could mitigate any risk the Court may believe he poses to minor members in the community. *Id.* at 43. Mr. Sanders levies the same arguments in his motion, and adds that "he is willing to . . . abide by any curfew or house arrest restraints on his liberty." Dkt. 21 at 8.

The Court disagrees. The Government presented clear and convincing evidence that Mr. Sanders has shown a repeated interest in child pornography and child sexual exploitation, and he has gone "so far as to invite a stranger to his home to come sexually abuse his daughter." Dkt. 29 at 8. The set of conditions to which Mr. Sanders is willing to "abide" may mitigate his ability to access child pornography on the internet, but the Government's clear and convincing evidence shows that Mr. Sanders poses a risk beyond simply accessing child pornography online and that any child that comes into

No. 26-cr-117

contact with him is potentially in danger. The Court finds that the Government has shown by clear and convincing evidence that Mr. Sanders' risk to the community cannot be mitigated by any condition or combination of conditions pursuant to 18 U.S.C. §§ 3142(e)(1).

## IV

The Court denies Mr. Sanders' motion to revoke his detention order. Dkt. 21.

DATED this 15th day of June 2026.

JOHN D. RUSSELL
*United States District Judge*

6